**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH EUGENE BROWN,

            Petitioner,

                              CASE NO. 2:17-CV-12135
v.                              HONORABLE ARTHUR J. TARNOW
                              UNITED STATES DISTRICT JUDGE
RANDALL HAAS,

            Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Kenneth Eugene Brown, ("petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L.A. 750.317. Respondent filed a motion to dismiss the petition on the ground that petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner was charged with first-degree felony murder and crime with a weapon but pleaded guilty to the lesser offense of second-degree murder in the

Detroit Recorder's Court. [1]  On February 6, 1979, petitioner was sentenced to a parolable life sentence.

Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals on October 7, 1981. [2]  There is no indication petitioner appealed to the Michigan Supreme Court.

In 1993, petitioner filed with the trial court a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et seq.,* which was denied. *People v. Brown,* No. 78-3468 (Detroit Recorder's Court, Oct. 11, 1993).  There is no indication petitioner appealed the denial of the post-conviction motion to the state appeals courts. [3]

On September 16, 2005, [4] petitioner filed with the trial court a second post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et seq.,*

---

[1]  In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-997 (E.D. Mich. 1999).

[2]  See Wayne County Circuit Court, Register of Actions, Case No. 78-003468-01, p. 3, Respondent's Appendix C.  But see Affidavit Of Jerome W. Zimmer, Jr., Chief Clerk of the Michigan Court of Appeals, dated August 8, 2017, Respondent's Appendix A, indicating that he was unable to find any appeal having been filed by petitioner from his case.  Respondent does not dispute that an appeal of right was filed in this case.

[3]  *See* Respondent's Appendix C.

[4]  See Wayne County Circuit Court, Register of Actions, Case No. 78-003468-01, p. 4.

which was denied. *People v. Brown,* No. 78-003468 (Wayne County Cir.Ct. Oct. 25, 2005).  There is no indication petitioner appealed the denial of the post-conviction motion to the state appeals courts. [5]

The instant petition was filed with this Court on June 27, 2017.

## II.  Discussion

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations.  In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially

---

[5]  See Respondent's Appendix C.

recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period

"effectively bars relief absent a showing that the petition's untimeliness should be

excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,*

572 F. 3d 252, 260 (6th Cir. 2009).  A petition for writ of habeas corpus must be

dismissed where it has not been filed within the one year statute of limitations.

*See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Michigan Court of Appeals affirmed petitioner's conviction on October

7, 1981.  Petitioner never filed an application for leave to appeal to the Michigan

Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not

petition the United States Supreme Court for a writ of certiorari, his or her

judgment of conviction is finalized when the time for taking an appeal to the

United States Supreme Court expires.  The one-year statute of limitations does

not begin to run until the day after the petition for a writ of certiorari was due in

the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113,

119 (2009); *See also Clay v. United States*, 537 U.S. 522, 527 (2003)("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, petitioner's conviction would become final, for purposes of the AEDPA statute of limitations, on December 1,

1981. *Gonzalez*, 565 U.S. at 150; See also *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had a one year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Holloway*, 166 F. Supp. 2d at 1188.

Petitioner filed his first post-conviction motion for relief from judgment in 1993, which was also before the enactment of the AEDPA. The trial judge denied petitioner relief on October 11, 1993. Petitioner never appealed the denial of the motion to the Michigan Court of Appeals. A habeas petitioner is entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time that he or she could have appealed the denial of a state post-conviction motion, even if the petitioner never filed an appeal. See *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Under the version of M.C.R. 7.205(F) that was in effect in 1993,

petitioner had eighteen months to file a delayed application for leave to appeal. [6]

The tolling would have ended pursuant to 28 U.S.C. § 2244(d)(2) on April 11, 1995, when the time period to file an appeal expired.  This date occurred prior to the AEDPA's enactment, thus, petitioner was required to file his petition within one year following the AEDPA's enactment date of April 24, 1996, unless the statute of limitations was otherwise tolled. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766, n. 1 (E.D. Mich. 2002).  Petitioner therefore had until April 24, 1997 to timely file his petition with the federal court.

Petitioner filed his second post-conviction motion for relief from judgment with the state trial court on September 16, 2005, after the one year statute of limitations expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).  Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 F.

---

[6]  M.C.R. 7.205(F)(3) used to provide a defendant eighteen months after entry of the order or judgment to file a late appeal.  As of November 1, 1995, the time was shortened to twelve months.  In June of 2011, the time period for filing an application for leave to appeal was shortened to six months.

App 'x. 16, 18 (6th Cir. 2004).  The current petition is untimely. [7]

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*  Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329).  Moreover, in determining whether petitioner

---

[7] Compounding the untimeliness of the petition is the fact that petitioner waited more than eleven years after the denial of his second post-conviction motion to file his habeas petition.

makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that petitioner pleaded guilty to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or

9

deny a certificate of appealability when it enters a final order adverse to the

applicant.... If the court issues a certificate, the court must state the specific issue

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11,

Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Courts must either issue a certificate of appealability indicating which issues

satisfy the required showing or provide reasons why such a certificate should not

issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of

Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003)(internal quotes and citations omitted).

Having considered the matter, jurists of reason would not find the

procedural ruling that the habeas petition is untimely and cannot be saved by

statutory or equitable tolling debatable.  Accordingly, the Court declines to issue

petitioner a certificate of appealability

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of the habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. ORDER

**IT IS ORDERED** that Respondent's Motion To Dismiss (Doc. # 10) is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall be **GRANTED** leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 28, 2017

*Brown v. Haas,* U.S.D.C. No. 2:17-CV-12135

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 28, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant